**Jack FROST and Hidrocarburos de Cuba, S. A.**

**v.**

**Arthur Vining DAVIS.**

**No. 18511.**

United States Court of Appeals
Fifth Circuit.

March 31, 1961.

Royal H. Brin, Jr., Fred S. Abney, Dallas, Tex., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., of counsel, for appellants.

H. Wayne Wile, Pinkney Grissom, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Jack Frost, is a resident of Dallas County, Texas. The appellant, Hidrocarburos de Cuba, S. A., herein referred to as the corporation, is a Cuban corporation of which Frost is President and chief executive officer. The appellee, Arthur Vining Davis, is a resident of Dade County, Florida. The appellants instituted suit in the District Court of Dallas County, Texas, a state court of general jurisdiction, against the appellee, alleging a breach of a contract for the payment of money and praying for a judgment in the amount of $44,284.70. No personal service was made. Writs of

garnishment were issued and served on the Republic National Bank of Dallas, as Garnishee. The Bank answered that it had in its possession a certificate for 161,-739 shares of the capital stock of Three States Natural Gas Company issued in the name of Jack Frost and indorsed for transfer to Arthur V. Davis. The certificate of stock remained in the possession of the Bank. The appellee removed the action to the United States District Court for the Northern District of Texas upon the ground of diversity of citizenship and asserted that no jurisdiction was obtained by the issuance and service of the writs of garnishment. The court granted the motion on this ground and entered an order of dismissal. This appeal is from that order.

■ The effectiveness and effect of the service of the garnishment are to be determined by the law of Texas. In 1943 Texas adopted the Uniform Stock Transfer Act, Vernon's Ann.Tex.Civ.Stat. Arts. 1358–1 to 1358–26. Section 13 of this statute provides:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined." Vernon's Ann.Tex.Civ.Stat. Art. 1358–13.

This section has been construed in the case of Snyder Motor Co. v. Universal Credit Co., Tex.Civ.App., 199 S.W.2d 792. 797. In the opinion in that case are stated principles which we think are controlling here, notwithstanding factual differences. In Snyder it was stated that the main purpose of the Uniform Act is to make certificates of stock the sole representative of the shares they represent. The Texas Court states that the Act has made certificates of stock fully negotiable and that the certificates constitute the res for the purpose of attachment and levy. Pertinent to our decision here is the statement that "no attachment or levy

of stock is valid unless the stock itself is seized by the officer serving the writ." This is stressed in the further statement that,

"We therefore find that by the passage of the Uniform Stock Transfer Act it portrays the commercial view that the shares of stock are identified with the certificate which we regard as the stock itself. We further construe the first part of Sect. 13 [Art. 1358–13] of said Act to mean that before the levy or attachment of shares of stock in domestic corporations is valid the same must first be seized by the officer serving such writ." 199 S.W.2d 792, 797.

■ There is, we think, more reason for the application of the rule to the stock of a foreign corporation than to the stock of a domestic corporation.

To the appellants' contention that the statutory provision does not apply in this case because the process was a writ of garnishment rather than attachment or levy as covered by the Act, we think it is sufficient to say that the writ in the Snyder case was one of garnishment, and there it was held that because the certificate was not seized the garnishment was ineffective. From the opinion in the Snyder case we quote:

"Under such Act a valid attachment, levy and/or garnishment upon such shares could be made only by actual seizure of the stock certificate by the officer, unless the certificate be surrendered to the corporation which issued it; or its transfer by the holder be enjoined, and it has been held that said injunction must be against the owner of the stock." 199 S.W.2d 792, 794–795.

Thus the sweep of the statute includes garnishment in its operation.

■ The appellants state that there are no provisions under the law of Texas which authorize the seizure of the certificate by the officer serving the writ. Constructive seizure is effected, say the appellants, by the service and no more is required. But Section 13 says the certifi-

cate must be "actually seized". The appellants properly concede that the very purpose of the Act is to make the physical certificates the sole representative of the stock and the res to be reached by the creditor. This purpose cannot be achieved and negotiability preserved if "actual" be construed as meaning constructive and the certificate itself be left in the actual possession of the holder.

The efficacy of an injunction may be doubted. It seems unlikely that a transfer agent is a holder. The Court, in Snyder, refers to an Oregon case which decided that a holder, under the Act, was one having actual or constructive possession of a certificate of stock and who is entitled to the rights and benefits to be derived therefrom. Hodes v. Hodes, 176 Or. 102, 155 P.2d 564. But if it be that the Texas law does not authorize the manual seizure of a stock certificate under attachment, levy and/or garnishment, and if an injunction is not available because of inability to serve the owner or for other reason, then it is that the matter is one for the legislature of Texas to consider and to determine whether as a matter of policy it desires to make a remedy available.

Finally, the appellants urge that Section 13 and the Snyder case construing it have been superseded by Rule 669, Texas Rules of Civil Procedure. By that rule it is provided:

> "Should it appear from the garnishee's answer, or otherwise, that the garnishee has in his possession, or had when the writ was served, any effects of the defendant liable to execution, including any certificates of stock in any corporation or joint stock company, the court shall render a decree ordering sale of such effects under execution in satisfaction of plaintiff's judgment and directing the garnishee to deliver them, or so much thereof as shall be necessary to satisfy plaintiff's judgment, to the proper officer for that purpose."

It is only by reason of the Uniform Stock Transfer Act that the presence in the state of a certificate of stock in a foreign corporation can be subjected to attachment, levy or garnishment. It would follow, we think, that it can only be subjected to attachment, levy or garnishment in the manner prescribed by the statute. The requirement that the officer actually seize the certificate is something more than a procedural provision; it is a positive statutory provision against the attachment, levy or garnishment unless there is a compliance with the Act. We do not think there is any such inconsistency between the statute and rule as requires us to hold that there is a modification or implied repeal of Section 13 by the adoption of the rule. To so hold would upset the statutory scheme embodied in the Act and defeat, in a measure, the purpose of making stock certificates negotiable. We do not reach the question as to whether the Supreme Court of Texas, in the exercise of the rule making power, could supersede or modify the provisions of the statute.

It follows that the judgment of the district court should be

Affirmed.